UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE S. COOPER, | No. 2:16-cv-3039 DB |
| Petitioner, | |
| v. | ORDER |
| D. BAUGHMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Both parties have consented to proceed before the undersigned for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos 7, 13). Presently before the court is the petition (ECF No. 1) and respondent's answer for merits review (ECF No. 17). For the reasons set forth below the court will deny habeas relief.

**BACKGROUND**

**I.    Procedural History**

On December 17, 2013, a jury found petitioner guilty of three counts of robbery and determined that he personally used a firearm in the commission of each robbery. (ECF No. 17 at 21.) On June 5, 2015, the trial court sentenced defendant to a total of thirty-seven years in prison for the robberies, use of a firearm, possession of an SKS assault rifle, and for incurring a prior strike. (Id.) The sentences for being a felon in possession of a firearm were stayed. (Id.)

Petitioner appealed the conviction. Appellate counsel filed a brief pursuant to People v. Wende, 25 Cal.3d 436 (1979), indicating counsel could not find any arguable error that would result in a more favorable disposition. The California Court of Appeal for the Third District affirmed the conviction. People v. Cooper, No. C079747, 2016 WL 12222756, at *1-2 (Cal. Ct. App. Mar. 29, 2016). Petitioner did not appeal the California Court of Appeal's decision. Thereafter, he filed a petition for writ of habeas corpus in the California Supreme Court on November 16, 2016. (LD[1] 8.) The California Supreme Court denied the petition without comment or citation. (LD 9.)

## II.   Facts Developed at Trial

The California Court of Appeal for the Third District provided the following factual summary:

> On November 27, 2012, at approximately 11:30 a.m., Jag Singh was working alone at an AM/PM on Madison Avenue in Fair Oaks when defendant came into the store wearing a brown jacket and hat. Defendant told Singh he wanted Newport 100 cigarettes. Singh got the cigarettes and placed them on the counter. Defendant pulled out some bills and then reached into his pocket, pulled out a small black gun, pointed it at Singh and told him to "get back." Defendant then reached over the counter and took money from the open cash register. Defendant left with about $400. Singh was able to identify defendant as the man who robbed him.
>
> Also on November 27, 2012, at approximately 2:30 p.m., Ramon Orozco was working alone at an AM/PM on Florin Road in Sacramento, when defendant came into the store and robbed him at gunpoint with a small black short-barreled revolver. Defendant asked for Newport cigarettes and, as soon as the cash register opened, he lunged over the counter, took approximately $230 to $250 in cash from the register and left. The robbery was captured on the store surveillance camera. Orozco was also able to identify defendant as the man who robbed him.
>
> On November 30, 2012, at approximately 6:00 p.m., Davinder Kumar was working alone at a Shell gas station on East Stockton Boulevard in Elk Grove, when defendant came into the store and asked him for some "GPC Red" cigarettes. When Kumar opened the register, defendant pulled out a revolver, told him to "step back," took cash from the register, and walked out. Defendant was wearing a black jacket and a black San Francisco Giants baseball hat with

---

[1] Respondent lodges the state court record here. (See ECF No. 18.) Documents are identified by their Lodged Document number, "LD," assigned to them by respondent.

2

> blue accents. The robbery was captured by the store surveillance camera.
>
> Defendant was arrested on December 4, 2012. In his car, police found a Smith & Wesson snub-nose revolver containing two live .38 cartridges and three expended casings. Police then went to defendant's home address and inside another of defendant's cars, found a loaded Norinco SKS assault rife with an extended magazine containing 7.62 cartridges. The car also contained clothing matching that which defendant wore during the Shell gas station robbery.
>
> Defendant was charged with three counts of robbery (Pen. Code, § 211; counts one, three and five), [FN 2: Undesignated statutory references are to the Penal Code.] four counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1); counts two, four, six, and eight), and one count of possession of an SKS assault rifle (§ 30605, subd. (a); count seven). It was further alleged that defendant personally used a firearm in the commission of each robbery. (§ 12022.53, subd. (b).) It was also alleged that defendant had a prior strike conviction in 2000 for assault with a firearm. (§§ 667, subds. (b)-(i), 1170.12.)
>
> On December 17, 2013, a jury found defendant guilty of all counts and found true that he personally used a firearm in the commission of each robbery. At a subsequent bench trial, the trial court found the prior felony strike conviction true.

People v. Cooper, C079747, 2016 WL 1222756 at **1-2 (Ca. Ct. App. March 29, 2016).

**STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

To state a claim for relief cognizable in habeas a petitioner must allege a violation of the Constitution or federal law. 28 U.S.C. § 2254(a) (A prisoner in custody pursuant to the judgment of a state court may seek federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

"Clearly established federal law" means federal law that is clearly defined by the holdings of the United States Supreme Court at the time of the state-court decision. Cullen v. Pinholster, 563 U.S. 170, 182 (2011). "'[C]ircuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

In determining whether a decision is "contrary to" clearly established federal law, a reviewing court must evaluate whether the decision "'applies a rule that contradicts [such] law'" and how the decision "'confronts [the] set of facts' that were before the state court." Cullen, 563 U.S. at 182 (quoting Williams v. Taylor, 529 U.S. 362, 405, 406 (2000)). If the state decision "'identifies the correct governing legal principle' in existence at the time," a reviewing court must assess whether the decision "'unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Willaims, 529 U.S. at 413). An "*unreasonable* application" of law is "'different from an *incorrect* application'" of that law. Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams, 529 U.S. at 410) (emphasis in original). A state-court decision based on a factual determination may not be overturned on habeas review unless the factual determination is "'objectively unreasonable in light of the evidence presented in the state-court proceeding.'" Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer v. Andrade, 538 U.S. 63, 75 (2003) ("It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." (internal citations and quotation marks omitted.)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state

prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 568 U.S. 289, 293 (2013).

A summary denial is presumed to be a denial on the merits of petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). On federal habeas review, the district court reviews the decision of the highest state court to address the merits of the petitioner's claim in a reasoned decision. See Ylst, 501 U.S. at 803-04. In the absence of a decision from the highest state court, the Court "looks through" to the "last reasoned decision" addressing the particular claim. Id.; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

## DISCUSSION

Petitioner alleges three grounds for relief: (1) his Fourth Amendment rights were violated by the installation of a Global Positioning System (GPS) tracking device on his vehicle; (2) trial and appellate counsel were ineffective because they failed to raise the Fourth Amendment issue;
////

and (3) he was maliciously prosecuted in violation of his Fourteenth Amendment rights. (ECF No. 1.)

### I. Fourth Amendment – Unlawful Search

Petitioner alleges that his Fourth Amendment rights were violated because officers installed a GPS tracking device on his vehicle without obtaining a warrant. (ECF No. 1 at 5.)

#### 1. Legal Standards

The Supreme Court held in Stone v. Powell, 428 U.S. 465, 481-82 (1976), that federal habeas review of Fourth Amendment claims is barred unless the state did not provide an opportunity for full and fair litigation of those claims. The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. See Newman v. Wengler, 790 F.3d 876, 880 (9th Cir. 2015); see also Gordon v. Duran, 895 F.2d 610, 613-14 (9th Cir. 1990).

"The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." Ortiz-Sandolval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996) (as amended) (citations omitted); see also Newman v. Wengler, 790 F.3d 876, 878-80 (9th Cir. 2015) (per curiam) (holding that the Stone doctrine survived the passage of the AEDPA).

California provides criminal defendants with the opportunity to challenge the lawfulness of a search through the procedures of Cal. Penal Code § 1538.5, which allows defendants to move to suppress evidence on the ground that it was obtained in violation of the Fourth Amendment. Gordon, 895 F.2d at 613-14; see also Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983).

#### 2. Analysis

Exhibits attached to the petition that show that trial counsel brought a motion to suppress evidence. (ECF No. 1 at 26-31, 36-43.) Although petitioner's counsel did not challenge the search on the basis of the installation of the GPS device, petitioner did have a full and fair opportunity to litigate Fourth Amendment claims. Because petitioner had a full and fair opportunity to litigate those claims, he is not entitled to federal habeas review of such a claim.

## II. Ineffective Assistance of Counsel

Petitioner argues his Sixth Amendment rights were violated because both his trial and appellate counsel were ineffective for failing to raise the Fourth Amendment issue petitioner has presented in ground one of his petition. (ECF No. 1 at 7.) Petitioner claims: "Elk Grove police officers . . . trespass[ed] onto private property purposely attaching a warrantless G.P.S. device onto a vehicle registered to the petitioner. As a result of this action the petitioner was arrested charged and convicted." (ECF No. 1 at 5.)

### 1. Legal Standards

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." Id. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see Richter, 562 U.S. at 107. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." Pinholster, 563 U.S. at 196 (internal quotation marks and alterations omitted).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the

outcome." Id. "The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 112. A reviewing court "'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697), amended and superseded on other grounds, 385 F.3d 1247 (9th Cir. 2004); United States v. Ray, No. 2:11-cr-0216-MCE, 2016 WL 146177, at *5 (E.D. Cal. Jan. 13, 2016) (citing Pizzuto, 280 F.3d at 954).

**2. State Court**

The Elk Grove Police Department investigated the robberies and determined that five fingerprints left at one of the locations were a match for petitioner. (ECF No. 1 at 55; ECF No. 17 at 11.) Law enforcement then obtained Petitioner's age, addresses, driver's license information, and vehicle registration. (ECF No. 1 at 56; ECF No. 17 at 11.) Law enforcement additionally had information regarding petitioner's arrest history which included a domestic-violence incident involving a rifle, a drive-by shooting, and a prior conviction for assault with a firearm. (ECF No. 17 at 11.)

Based on the information they obtained a Ramey[2] arrest warrant for petitioner and marked two vehicles linked to petitioner as wanted vehicles in the "Stolen Vehicle System." (Id.) They also alerted local law enforcement agencies that they were searching for petitioner.

Officers attempted to locate petitioner's vehicles at the Elk Grove apartment complex where petitioner lived at the time. (Id.) Officers observed one of the vehicles through the window of a garage. Officers then looked for the other car at petitioner's other known address in Sacramento. The car, a Hyundai, was located in the open parking lot of the apartment complex.

Officers conducted visual surveillance of both vehicles. (Id.) Then, in early December 2012, an Elk Grove detective placed a GPS tracking device on the Hyundai. The device would

---

[2] "A 'Ramey warrant' is a warrant authorizing the arrest of a suspect within the home before the filing of criminal charges by the district attorney." Millender v. County of Los Angeles, 620 F.3d 1016, 1021 (9th Cir. 2010), reversed sub nom. on other grounds Messerschmidt v. Millender, 565 U.S. 535 (2012) (citing Goodwin v. Superior Court, 90 Cal. App. 4th 215, 218 (2001)).

1. alert officers if the vehicle left the apartment complex. The following morning, the GPS signaled the car was leaving the complex. Officers located the Hyundai approximately an hour later parked outside of the Contra Costa County Probation Department. Detectives located petitioner inside and arrested him. The Hyundai was impounded as evidence.

Officers obtained a warrant to search both vehicles and both apartments. Inside the cars, officers located firearms, ammunition, and "'clothing matching that which defendant wore during the Shell gas station robbery.'" (Id. at 12.)

### 3. Analysis

At the outset the court notes that it is petitioner's burden to show that he is entitled to relief. Toomey v. Bunnell, 898 F.2d 741, 743 (9th Cir.), cert. denied, 498 U.S. 960 (1990) (A habeas petitioner has the burden of showing through evidentiary proof that counsel's performance was deficient); see also Rios v. Rocha, 299 F.3d 796, 813 n.23 (9th Cir. 2002) (rejecting two ineffective assistance of counsel claims based on petitioner's failure to produce evidence of prejudice). Petitioner's conclusory statement that his trial attorney "was not functioning as . . . 'counsel'" fails to show that trial counsel rendered adequate assistance. Moreover, as set forth below, petitioner was not prejudiced by counsel's failure to raise the issue because the petitioner cannot show that such a motion would have been successful.

#### a. Trial Counsel

Petitioner has not specified in the petition, but it appears that petitioner claims his trial counsel was ineffective because he did not argue that the use of the GPS device violated his rights under the Fourth Amendment. Petitioner references United States v. Jones, 565 U.S. 400 (2012),[3] which the court construes to mean that petitioner's argument is that counsel was ineffective for failing to argue that the use of the GPS device attached to his car violated his rights under the Fourth Amendment.

////

---

[3] In Jones, the Court held that attachment of a GPS device to a vehicle along with the use of the device to track the vehicle's movements is a search within the meaning of the Fourth Amendment. 565 at 948-54.

9

To establish ineffective assistance of counsel based on counsel's failure to raise a Fourth Amendment issue, petitioner must show that counsel's performance was deficient and that: (1) the overlooked motion to suppress would have been meritorious, and (2) there is a reasonable probability that the jury would have reached a different verdict absent the excludable evidence. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

Petitioner cannot show that the jury would have reached a different verdict if counsel had brought a suppression motion based on installation of the GPS device. Petitioner cannot make such a showing because, as respondent has argued, there was no suppressible evidence procured as a result of the use of the GPS device. Officers used the GPS device to locate and arrest petitioner. Thereafter, officers obtained warrants to search the two vehicles and residences associated with petitioner. Additionally, prior to locating petitioner, officers had the following information: "his age, addresses, appearance, prior contacts with law enforcement, driver's license information, and vehicle registration." (ECF No. 1 at 56; ECF No. 17 at 11.)

While evidence obtained as a result of an unlawful search should be excluded, Mapp v. Ohio, 367 U.S. 643, 655 (1961), defendant himself cannot be suppressed. U.S. v. Crews, 445 U.S. 463, 474 (1980). Petitioner has not identified, and the court cannot find any evidence that was obtained through use of the GPS device, that if excluded, would have resulted in a different outcome. Accordingly, petitioner cannot show that he was prejudiced by counsel's failure to bring a suppression motion based on use of the GPS device.

### b. Appellate Counsel

Petitioner appears to argue that appellate counsel was ineffective for filing a Wende brief[4]. However, petitioner has not further explained the basis for his claim. To the extent petitioner has simply concluded that his appellate counsel was ineffective simply because he filed a Wende

---

[4] When appellate counsel concludes that there are no arguable issues to present on appeal, counsel "files a brief with the appellate court that summarizes the procedural and factual history of the case, with citations of the record. He also attests that he has reviewed the record, explained his evaluation of the case to his client, provided the client with a copy of the brief, and informed the client of his right to file a pro se supplemental brief. He further requests that the court independently examine the record for arguable issues." Smith v. Robbins, 528 U.S. 259, 265 (2000).

1  brief, such an argument is not sufficient to warrant habeas relief.  The Supreme Court has held
2  that a habeas petitioner cannot state a claim for ineffective assistance of appellate counsel merely
3  because his attorney filed a brief pursuant to Wende.  See Smith, 528 U.S. at 284 ("It is enough to
4  say that the Wende procedure . . . affords adequate and effective appellate
5  review for criminal indigents. Thus, there was no constitutional violation in this case simply
6  because the Wende procedure was used.").

7  Additionally, appellate counsel does not have a constitutional duty to raise every
8  nonfrivolous issue requested by petitioner.  See Jones v. Barnes, 463 U.S. 745, 751-54 (1983);
9  Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Miller v. Keeney, 882 F.2d 1428, 1434
10 n.10 (9th Cir. 1989).  Accordingly, petitioner has not shown that appellate counsel was ineffective
11 for failing to raise the GPS issue.

12 **III.    Malicious Prosecution**

13 In ground three of the petition, petitioner states: "In order for the malicious prosecution of
14 an innocent U.S. citizen to take place thr[ough] both a Fourth and Sixth [A]mendment violation.
15 It in itself is proof of a Fourteenth Amendment violation."  (ECF No. 1 at 8.)

16 **1. Legal Standards**

17 It is not immediately clear that malicious prosecution claims are cognizable on federal
18 habeas review.  See Jaime v. Almager, No. SACV 08-cv-0093-JVS (JTL), 2009 WL 2390853, at
19 *15 (C.D. Cal. Aug. 3, 2009) ("[T]he Supreme Court has never found that a malicious
20 prosecution claim is cognizable on habeas review.").  Even assuming that such a claim is
21 cognizable, an essential element of a malicious prosecution claim is the "termination of the prior
22 criminal proceeding in favor of the accused."  See Heck v. Humphrey, 512 U.S. 477, 484 (1994)
23 (citations omitted).

24 Even if a malicious prosecution claim were somehow a cognizable habeas claim, as long
25 as "'the prosecutor has probable cause to believe that the accused committed an offense defined
26 by statute, the decision whether or not to prosecute, and what charge to file or bring before a
27 grand jury, generally rests entirely in his discretion.'" United States v. Armstrong, 517 U.S. 456,
28 464 (1996) (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)).  The exercise of

11

discretion is not a constitutional violation so long as it is not "'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" Armstrong, 517 U.S. at 464 (quoting Oyler v. Boles, 368 U.S. 448, 456 (1962)).

### 2. Analysis

"To make out a prima facie case of selective prosecution, Petitioner must show that (1) others similarly situated were not prosecuted in the manner in which Petitioner was prosecuted and (2) Petitioner's prosecution was based on improper motive. Jaime, 2009 WL 2390853 at *16 (citations omitted).

Petitioner has not provided sufficient facts to state a prima facie case of selective prosecution. Rather, he has simply concluded that based on the violations he alleged in grounds one and two of the petition, that prosecution of the crimes was improper. However, he has not included any facts from which the court could conclude that the decision to prosecute was based on any improper motive. Accordingly, the court finds that petitioner has failed to show he is entitled to relief on ground three of the petition.

### IV. Certificate of Appealability

The federal rules require a district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability. See Rules Governing § 2254 Cases, Rule 11(a). A judge will grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As discussed above, this court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moreover, petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Therefore, the court will decline to issue a certificate of appealability.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus (ECF No. 1) is denied;

2. The court declines to issue the certificate of appealability described in 28 U.S.C. § 2253; and

3. The Clerk of the Court is directed to enter judgment for respondent and close the case.

Dated: July 22, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB1/prisoner-habeas/coop.3039.sub'd